IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| CHRISTOPHER LAMONT PENN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-089-Z-BR |
| | § | |
| BOBBY LUMPKIN, *et al.*, | § | |
| | § | |
| Defendants. | § | |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART MOTIONS TO DISMISS

Plaintiff Christopher Lamont Penn ("Plaintiff") brings this civil rights action pursuant to 42 U.S.C. § 1983, claiming his treatment in the Clements Unit of the Texas Department of Criminal Justice ("TDCJ") violated his rights. (ECF 3). By Order dated February 15, 2023, Plaintiff was directed to clarify his claims, (ECF 6), which he did on March 7, 2023. (ECF 7). Defendants were ordered to respond to the Complaint, which they did by filing Motions to Dismiss, (ECF 10; ECF 12), which now come before the undersigned for consideration.

I.     INTRODUCTION

In his statement of claim, Plaintiff alleges his "rights were violated" by Defendant Cabrera at the Clements Unit of TDCJ, who forced him to walk barefoot, in "freezing conditions," around the facility. (ECF 3 at 4; ECF 7 at 1). Plaintiff further alleges Defendant Mitchell forced him to stay in an unheated shower, without sufficient clothes, for an extended period of time. (*Id.*). These events, in Plaintiff's telling, occurred on February 20, 2021. (ECF 3

at 9). Plaintiff also brings claims for inadequate resolution of his claims via TDCJ's internal grievance process.

The Attorney General of Texas ("OAG"), representing the Defendants in this action, moves to dismiss the Complaint on a variety of grounds. (ECF 10; ECF 12). First, as to Defendants Lumpkin, Bristow, Cabrera, and Back, OAG argues that Plaintiff failed to allege personal involvement, Plaintiff does not possess a due process right in the grievance process, and that Defendants hold Eleventh Amendment immunity and qualified immunity. (ECF 10). As to Defendant Mitchell, OAG makes the same arguments. (ECF 12).

## II.   ANALYSIS

### a.   Personal Involvement

The undersigned begins with OAG's Motion on lack of personal involvement grounds. When determining whether a plaintiff has stated a claim sufficient to avoid dismissal, courts are to accept well-pleaded allegations and construe them in a light most favorable to the non-movant, but need not accept "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Arias-Benn v. State Farm Fire & Cas. Ins. Co.*, 495 F.3d 228, 230 (5th Cir. 2007). Government officials cannot be held responsible for the conduct of their subordinates. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Therefore, plaintiffs "must plead that each [g]overnment official defendant, through the official's own actions, has violated the Constitution." *Id.*

Plaintiff's allegations broadly fall into two categories. First, he alleges Defendants Mitchell and Cabrera violated his Eighth Amendment rights. Second, he alleges the remaining Defendants violated his free speech and due process rights by failing to appropriately act upon his grievances and I-60 requests. Whatever the ultimate merits of his allegations, Plaintiff

carefully and methodically set out an action or inaction against each Defendant in his original Complaint. (ECF 3 at 6–14).

To be sure, if Plaintiff's allegations against Defendants Lumpkin, Bristow, Back only consisted of their failure to appropriately supervise others, they would fail. But that is not the case here. As to Defendant Lumpkin, Plaintiff writes, "Mr. Bobby Lumpkin did not respond to Plaintiff Penn's constant unit I-60's in request to this matter [sic]." (ECF 3 at 10). Plaintiff also claims Defendant Bristow "did not properly investigate Plaintiff Penn's grievance," and Defendant Back stated to him that "no further action is warranted." (*Id.*). These statements adequately alleges personal involvement to a degree sufficient to survive a Motion to Dismiss.[1]

    b. <u>Due Process Rights in Grievance Process</u>

Having concluded that Plaintiff has stated a personal allegation against each Defendant, the undersigned now turns to the grievance process, the basis for Plaintiff's claims against Defendants Lumpkin, Bristow, and Back. It is black letter law in this circuit that prisoner plaintiffs do not have a protected liberty interest, rooted in due process rights or otherwise, in prison grievance procedures. *Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (citing *Geiger v. Jones*, 404 F.3d 371, 373–74 (5th Cir. 2005)). Therefore, prisoners cannot sustain a cause of action alleging some sort of failure on the part of prison officials to act on filed grievances in a timely or appropriate fashion. *Id.* Because that due process complaint forms the basis of Plaintiff's allegations against Defendants Lumpkin, Bristow, and Back, OAG's Motion as to them should be granted and they be dismissed from this action.

---

[1] OAG also asserts Plaintiff does not state personal involvement as to Defendant Cabrera. (ECF 10 at 3). OAG's position, though, is plainly contradicted by Plaintiff's Complaint: "On Feb 20, 2021 Defendant Officer Cabrera (female) handcuffed Penn and escorted him to 11 bld… [sic]." (ECF 3 at 9).

      c.   Eighth Amendment

The Eighth Amendment does not require comfortable prisons, but it does not tolerate inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Extreme conditions of confinement, then, can amount to a constitutional violation. *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015). The test to determine whether prison conditions violate the Eighth Amendment is two-fold. First, prison conditions must pose an unreasonable risk of serious damage to a prisoner's health. *Id.* Second, prison officials must have acted with deliberate indifference to the risk posed; in fact, the prison official must be aware of the risk and fail to take steps to abate it. *Id.*; *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006). Momentary and transient discomfort does not amount to reflect the denial of a basic human need required under the test. *Id.*

With those principles in mind, the undersigned must examine the particulars of Plaintiff's Complaint. Plaintiff is entitled to a liberal reading of his filings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006).

Plaintiff alleges he was made to walk in mid-February an unknown distance, barefoot, by Defendant Cabrera, after which he was made to stand, nearly naked, in a freezing shower by Defendant Mitchell. The exact sequence of events is unclear, with the undersigned left only with Plaintiff's version of events. Tellingly, OAG did not supplement Plaintiff's facts with its own, though this is not needed. The undersigned is obliged to accept well-pled allegations by Plaintiff as true at this stage. *Arias-Benn*, 495 F.3d at 230.

Prisoners have a right to protection from extreme cold. *Palmer v. Johnson*, 193 F.3d 346, 353 (5th Cir.1999) (quoting *Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir.1997)). Such exposure is a violation of the Eighth Amendment. *Id.*; *see also Withrow v. Heaton*, 275 F.3d. 42 (5th Cir.

2001). Plaintiff has clearly stated at least a threadbare complaint on that front. After initially offering an *ipse dixit* assertion that Plaintiff's complaints do not amount to cruel and unusual punishment, (ECF 10 at 6), OAG attempts to justify Plaintiff's treatment by pointing to the allegation that Plaintiff was put in the shower for threatening another inmate. (ECF 12 at 4). OAG is wrong on both scores. *Withrow*, the facts of which bear a striking resemblance to those here, makes clear that exposure to extreme cold does state a case under the Eighth Amendment. 275 F.3d. 42. <u>Furthermore, surrounding circumstances, no matter how extreme, do not justify a violation of anyone's constitutional rights.</u> Accordingly, the undersigned finds that Plaintiff has stated a claim under the Eighth Amendment as to Defendants Cabrera and Mitchell, the alleged perpetrators of the exposure incident.

1. Qualified Immunity

Even so, Defendants Cabrera and Mitchell may ultimately escape liability if they cloak themselves in qualified immunity. The qualified immunity inquiry for public officers, such as Defendants Cabrera and Mitchell, includes two prongs: "(1) whether the officer's alleged conduct has violated a federal right and (2) whether the right in question was 'clearly established' at the time of the alleged violation, such that the officer was on notice of the unlawfulness of his or her conduct." *Davis v. Hodgkiss*, 11 F.4th 329, 333 (5th Cir. 2021) (quotation marks omitted). "The officer will be entitled to qualified immunity if no constitutional violation occurred or if the conduct did not violate law clearly established at the time." *Id*. (quotation marks omitted). A clearly established constitutional right is one that is sufficiently clear such that every reasonable officer would have understood that what he is doing violates that right. *Mullenix v. Luna*, 577 U.S. 7, 11 (2015). While qualified immunity is a question of law, it must be presented to a jury

when its applicability involves disputed issues of fact. *Heaney v. Roberts*, 846 F.3d 795, 802 (5th Cir. 2017).

The undersigned, having already concluded that, at least as is appropriate at this stage, a constitutional violation occurred, will address the question of whether the right in question, namely, to be protected from extreme cold in the context of the Eighth Amendment, was clearly established at the time.

The 'clearly established' test does not require that the very action in question has previously been held unlawful. *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). The facts do not even have to be materially similar. *Hope v. Pelzer*, 536 U.S. 730, 739 (2002). The central concept is one of fair warning – officials must reasonably be on notice regarding the lawfulness of their conduct. *Id.* at 740.

Though they need not be, the facts in this case are materially similar to those in *Withrow*, where the Fifth Circuit held, in a *per curiam* opinion, that exposure to the cold is unlawful. 275 F.3d. 42. That decision was over twenty years old at the time of the alleged conduct in question here and, the Fifth Circuit implies by virtue of the unsigned opinion, the conduct was clearly unlawful then. Accordingly, the undersigned finds and concludes Defendants Cabrera and Mitchell are not entitled to qualified immunity in this matter.[2]

---

[2] Defendants do not dispute Plaintiff's account of the events. As such, the undersigned deems them admitted. *Ramming v. U.S.*, 281 F.3d 158, 162 (5th Cir. 2001). It is of course true that the ability of Defendants to dispute the factual assertions of Plaintiff is limited by their pursuit of a motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. At least one other judge in this district has observed that 12(b)(6) motions are poor vehicles for assertions of qualified immunity because they lack the needed factual development that would often be helpful. *Reitz v. City of Abilene*, 2017 WL 3046881, at *12 (N.D. Tex. May 25, 2017) (Frost, J.), *report and recommendation adopted by* 2017 WL 3034317 (N.D. Tex. Jul. 17, 2017).

In short, the decision by the Attorney General to assert qualified immunity via a motion to dismiss has hamstrung the ability of the undersigned to assess its arguments. Further factual development is needed, development that is not available in this context. As quoted by Judge Frost, "summary judgment is the right way to

      2. Eleventh Amendment Immunity

Eleventh Amendment immunity bars suits against state employees in their official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Plaintiff's claims against Defendants Cabrera and Mitchell are those that have survived to this point. To the extent Plaintiff brings claims in Defendants Cabrera and Mitchell's official capacity, they are barred by the Eleventh Amendment.

### III.   RECOMMENDATION

It is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Motions to Dismiss, (ECF 10; ECF 12), be denied as to Plaintiff's Eighth Amendment claims against Defendants Cabrera and Mitchell in their individual capacities and granted in all other respects.

### IV.   INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED August 16, 2023.

                                                                LEE ANN RENO
                                                                UNITED STATES MAGISTRATE JUDGE

### * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by

---

handle claims of immunity." *Reitz*, 2017 WL 3046881, at *13 (quoting *Jacobs v. City of Chicago*, 215 F.3d 758, 775 (7th Cir. 2000) (Easterbrook, J., concurring)). Therefore, the question of qualified immunity should remain open at this time.

electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).